NIHAT DENIZ BAYRAMOGLU, ESQ.
Nevada Bar No. 14030
GOKALP BAYRAMOGLU, ESQ.
(Nevada Bar No. 15500) - Pending Admission to Nevada District Court
(California Bar No. 268222)
DAVID SILVER, ESQ.
(Nevada Bar No. 15641) - Pending Admission to Nevada District Court
(California Bar No. 312445)
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Suite 100,
Henderson, Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404
deniz@bayramoglu-legal.com,
gokalp@bayramoglu-legal.com,
david@bayramoglu-legal.com
*Attorney for Plaintiff Ningbo Albert Novosino Co., Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NINGBO ALBERT NOVOSINO CO., LTD., a Chinese limited company, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL CASHFLOW LLC dba HEAR CLEARLY, a New Jersey corporation, and CHRISTOPHER ACKERMAN, an individual, <br><br> Defendants. | Case No.: 20 – cv – 02083 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Ningbo Albert Novosino Co., Ltd. ("Plaintiff" or "Ningbo"), by and through its attorneys of record, seeks declaratory judgment, among other things, against Defendants DIGITAL CASHFLOW LLC dba HEAR CLEARLY and CHRISTOPHER ACKERMAN (collectively "Defendants"), and alleges based on information and belief follows:

## NATURE OF THE CASE

This is an action for Declaratory Judgment for non-infringement and invalidity of Defendants' U.S. Patent No. 10,525,191 (the "'191 Patent") and for damages resulting from Federal Unfair Competition under Lanham Act Section 43(a), 15 U.S.C § 1125 and common law Tortious Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, and Unjust Enrichment. Plaintiff seeks declaratory relief, actual damages, an award of attorney's fees and costs, and any other relief that the Court deems just and proper.

## PARTIES

1. Plaintiff NINGBO ALBERT NOVOSINO CO., LTD. is a limited company organized under the laws of China with its principal place of business at No.1, Xinhengsan Road, Cicheng Town, Jiangbei District, Ningbo, Zhejiang 315036, China.

2. On information and belief, Defendant DIGITAL CASHFLOW LLC, d/b/a HEAR CLEARLY ("Digital Cashflow") is a corporation wholly owned by Defendant CHRISTOPHER ACKERMAN ("Ackerman") and organized and existing under the laws of the State of New Jersey, with its principal place of business at 329 Elmwood Drive, Keyport, NJ 07735.

3. On information and belief, Defendant CHRISTOPHER ACKERMAN is an individual domiciled at 329 Elmwood Drive, Keyport, NJ 07735.

## JURISDICTION AND VENUE

4. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction), 1332 (Diversity Jurisdiction), and 1338 (action arising under an Act of Congress relating to patents). This action is also brought under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

5. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally-related to the federal claims and arise from a common nucleus of operative facts.

6. Venue is proper in this action under 28 U.S.C. § 1391 because Defendants do business within the state of Nevada, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendants are subject to personal jurisdiction in this District.

7. Nevada contains multiple large Amazon fulfillment centers, which distribute Plaintiff's products across the state. Therefore, Defendants claims of infringement include transactions that happen on a regular basis within Nevada's jurisdiction.

8. Defendants transacted and conducted business in this judicial district, purposefully availing themselves of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendants maintain ongoing contractual relationships within this district and conducts or solicits business within this district. Defendants directly and/or through intermediaries, offers for sale, sells, and advertises their products that are pertinent to this action within this district

## BACKGROUND FACTS

9. On information and belief, Ackerman filed U.S. Patent Application No. 16/438,635 ("the '635 Application") on June 12, 2019, with a priority date of June 12, 2019. The '635 Application issued as U.S. Patent No. 10,525,191 ("the '191 Patent") to Defendant Ackerman on January 7, 2020. A copy of the '191 Patent is attached as Exhibit 1, Pages 1-13.

10. Since July 29, 2018, Plaintiff has sold and offered for sale its products on Amazon.com that Defendants have claimed infringement on the '191 Patent. Plaintiff is the owner of Amazon Standard Identification Number ("ASIN") B07H95W6M3, B07QRV8MBN, B07QMPXDF2, B07YHKC4R2, B07HHRTQVR, and B07FJ797QN. All of these listings have since been removed due to Defendants' claim of infringement to Amazon. The removed listings are depicted below:

B07H95W6M3



B07QRV8MBN



COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES

B07QMPXDF2  B07YHKC4R2




B07HHRTQVR  B07FJ797QN



11. Plaintiff has sold the above listed products since 2018, which are both non-infringing in their design and, in the alternative, cannot be considered infringing as Plaintiff's products would be prior art that would invalidate the '191 Patent.

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

12. Other companies have sold and continue to sell similar products that would also invalidate the '191 Patent for being prior art. ASIN B07BTJM2B5 from Nuance Medical LLC and ASIN B07DHT2SS6 from Blue Echo Care both have reviews on the Amazon website dating back to 2018.

13. Plaintiff still maintains a current listing for ASIN B07H8D5GPP. Sales records show that Plaintiff has sold this product at least as early as September 15, 2018, if not prior. A purchase on October 23, 2018 was ordered and shipped to Las Vegas, Nevada. Screenshots of the transactions are attached as Exhibit 2, Pages 14-28. The October 23, 2018 purchase order for Nevada can be found at Exhibit 2, Page 23.

14. Plaintiff's sales of its products that have been alleged to be infringing the '191 Patent by Defendants predate Defendants' claimed rights in the '191 Patent. Any disclosures before June 12, 2019 serve as prior art to the patent asserted by Defendants. Prior art, such as the products sold on Amazon by Plaintiff and others, invalidates the '191 Patent.

15. There is a substantial and continuing justiciable controversy between Plaintiff and Defendants as to Defendants' right to threaten or maintain suit for infringement of the '191 Patent as to Plaintiff's remaining product, and as to the validity and scope thereof. Plaintiff also maintains a substantial and continuing interest and as to whether any of Plaintiff's products or devices infringe any valid claim of the '191 Patent so Plaintiff can have its listings reinstated and its reputation restored with Amazon.

## FIRST CLAIM

**(Declaratory Judgment of Non-Infringement – All Defendants)**

16. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

17. Plaintiff's allegedly infringing products, as identified as ASINs B07H95W6M3, B07QRV8MBN, B07QMPXDF2, B07YHKC4R2, B07HHRTQVR, and B07FJ797QN, have been offered for sale or sold since July 29, 2018.

18. The products sold by Plaintiff contain design differences that are sufficiently different from the claims in the '191 Patent to make Plaintiff's products non-infringing in their design.

19. In the alternative, Plaintiff's products cannot be considered infringing as Plaintiff's allegedly infringing products have been offered for sale or sold to the public for at least approximately one year before the '635 Application was filed, if not longer.

20. Plaintiff is entitled to such declaratory relief pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, in the form of a judgment, that Plaintiff has not infringed and is not infringing any valid and enforceable claim of the '191 Patent, has not contributed to and is not contributing to infringement of the '191 Patent, and has not induced and is not inducing infringement of the '191 Patent. Such a determination is appropriate at this time.

## SECOND CLAIM

### (Declaratory Judgment of Invalidity – All Defendants)

21. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

22. On information and belief, the alleged invention was described in printed publications in this country, was in public use, and was on sale in this country for at least one year prior to the filing of the '635 Application, which matured into the '191 Patent.

23. Other companies, including but not limited to Nuance Medical LLC and Blue Echo Care, have also sold similar products in at least 2018 that would be considered prior art and thus invalidate the '191 Patent.

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES

24. Plaintiff is informed and believes, and on that basis alleges, that the '191 Patent claims are invalid due to material prior art, including Plaintiff's own products and the products of other companies.

25. Plaintiff is informed and believes, and on that basis alleges, that the '191 Patent claims are unenforceable due to Defendants' inequitable conduct upon the United States Patent Office in intentionally concealing Plaintiff's products and other known prior art from the Patent Office in order to wrongfully obtain the '191 Patent.

26. Plaintiff is entitled to such declaratory relief pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, in the form of a judgment, that the '191 Patent is invalid. Such a determination is appropriate at this time.

## THIRD CLAIM

### (Federal Unfair Competition – Lanham Act Section 43(a), 15 U.S.C § 1125 – All Defendants)

27. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

28. Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon that Plaintiff's product infringed the '191 Patent despite knowing that the '191 Patent was invalid, unenforceable, and/or not infringed by Plaintiff's product, which was on public sale prior to the earliest priority date of the '191 Patent.

29. Amazon was actually deceived by Defendants' bad faith representations of infringement and the deception actually did influence purchasing decisions in that it caused Amazon to remove Plaintiff's product listings.

30. Plaintiff's products became unavailable to purchase on Amazon, which is a primary national marketplace for interstate commerce. Therefore, Defendants caused, directed, and intended that the false statement enter and go through interstate commerce to Amazon in order to harm Plaintiff's business.

31. Defendants intended for Plaintiff's listings to be removed in order to limit, or eliminate entirely, Defendants' competition on Amazon.

32. As a result of Defendants' bad faith representations, Plaintiff has suffered direct injury to Plaintiff's profits, products, and reputation. Plaintiff is entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs.

## FOURTH CLAIM

**(Common Law Tortious Interference with Contractual Relations – All Defendants)**

33. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

34. Plaintiff had a valid and existing contract with Amazon in order to sell its products listed under ASINs B07H95W6M3, B07QRV8MBN, B07QMPXDF2, B07YHKC4R2, B07HHRTQVR, and B07FJ797QN through Amazon.com.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendants knew of Plaintiff's contract relationship with the Amazon.

36. Plaintiff is informed and believes, and on that basis alleges, that Defendants intentionally interfered with that contractual relationship, knowingly and intentionally asserting materially false allegations of patent infringement against Plaintiff in order to have Plaintiff's listings removed and eliminate Plaintiff's lawful competition.

37. As a result of Defendants' improper acts, Plaintiff's listings were removed from Amazon.

38. Plaintiff has suffered direct, proximate and foreseeable damage and continues to suffer direct, proximate and foreseeable damage.

39. Defendants' improper means were unlawful and fraudulent and were based on fraudulent activity before a Federal agency.

40. By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM

### (Intentional Interference with Prospective Economic Advantage – All Defendants)

41. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

42. Plaintiff had an ongoing business relationship with Amazon relating to Plaintiff's products listed under ASINs B07H95W6M3, B07QRV8MBN, B07QMPXDF2, B07YHKC4R2, B07HHRTQVR, and B07FJ797QN as sold through Amazon.com.

43. Defendants had full knowledge of the ongoing relationship and prospective future business arrangements between Plaintiff and Amazon regarding Plaintiff's allegedly infringing products.

44. Defendants intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove Plaintiff's product listings, thus denying the future and ongoing business relationship between Plaintiff and Amazon.

45. Defendants knew that the removal of Plaintiff's product listings would harm Plaintiff's business and would benefit Defendants due to having less competition. Defendants intended to harm Plaintiff by fraudulently convincing Amazon to remove Plaintiff's product listings.

46. Defendants had no privilege or justification in interfering with Plaintiff's relationship with

Amazon.

47. As a result of Defendants' interference with the ongoing and future relationship between Plaintiff and Amazon, Plaintiff lost approximately $200,000.00 in annual revenue and ultimately had to close down All Things Garage LLC.

48. By reason of the foregoing, Plaintiff has suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

## SIXTH CLAIM

### (Unjust Enrichment – All Defendants)

49. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

50. As a result of Defendants' actions as stated herein, Defendants have been unjustly enriched and, at the same time, is causing a loss of revenue to Plaintiff to Plaintiff's detriment.

51. Defendants have accepted and retained the benefit of the unjust enrichment from their wrongful conduct.

52. There is no express, written contract between Plaintiff and Defendants that would allow for Defendants to retain the benefit of the unjust enrichment from their wrongful conduct as described herein.

53. Plaintiff is entitled to recover from the Defendants their unjust enrichment including gains, profits, and advantages they have obtained as a result of their wrongful conduct. Plaintiff is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their wrongful conduct.

54. By reason of the foregoing, Plaintiff seeks damages based on Defendants' unjust enrichment in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For judgment in favor of Plaintiff against Defendants on all claims.
2. Declaring that Plaintiff's products do not infringe any valid claim of the '191 Patent.
3. Declaring that the one or more claims of the '191 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and/or unenforceable due to inequitable conduct.
4. Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.
5. Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Plaintiff's attorney fees associated with this action pursuant to 35 U.S.C. § 285.
6. Order by this Court that Defendants must immediately revoke any complaints of infringement of the '191 Patent made to Amazon.com with respect to Plaintiff.
7. Enjoining Defendants temporarily, preliminarily, and permanently from making any future complaint regarding the '191 Patent against Plaintiff and Plaintiff's products.
8. Ordering Defendants to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

9. Awarding to Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

10. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

11. Awarding to Plaintiff exemplary, punitive, statutory, and enhanced damages.

12. Awarding pre- and post- judgment interest.

13. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

### Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 12th day of November 2020

**BAYRAMOGLU LAW OFFICES LLC.**

By: <u>*/s/ Nihat Deniz Bayramoglu*</u>
NIHAT DENIZ BAYRAMOGLU, ESQ.
(Nevada. Bar No. 14030)
(California Bar No. 294922)
deniz@bayramoglu-legal.com
GOKALP BAYRAMOGLU, ESQ.
(Nevada Bar No. 15500) - Pending Admission to Nevada District Court
(California Bar No. 268222)
gokalp@bayramoglu-legal.com
DAVID SILVER, ESQ.
(Nevada Bar No. 15641) - Pending Admission to Nevada District Court)
(California Bar No. 312445)
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052
*Attorneys for Plaintiff*
*Ningbo Albert Novosino Co., Ltd.*

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES