UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NINGBO ALBERT NOVOSINO CO. LTD.,
    Plaintiff,

v.

DIGITAL CASHFLOW, LLC, et al.,
    Defendants.

Case No. 2:20-cv-02083-GMN-NJK

ORDER

[Docket Nos. 22, 25]

Pending before the Court is Plaintiff's motion to compel responses to its first set of interrogatories and requests for production. Docket No. 22.[1] Also pending before the Court is Plaintiff's motion for sanctions. Docket No. 25. The motions are properly resolved without a hearing. *See* LR 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c).

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested

---

[1] The motion submits that, although the parties filed a joint proposed discovery plan, no scheduling order has been issued. Docket No. 22 at 2. In fact, the Court issued the scheduling order nearly three months ago. Docket No. 20. The Court expects counsel's filings to contain accurate statements.

1

discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.*

To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171. Courts may look beyond the certification made to determine whether a sufficient meet and confer occurred. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). "A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention." *Id.*

Plaintiff submits that, on May 25, 2021, it sent a letter to Defendants requesting a meet and confer. Docket No. 22 at 5; *see also* Docket No. 22-2 at 25–26. The parties, however, never met and conferred because Plaintiff twice thereafter sent emails extending the time for Defendants to respond to its discovery requests. *See* Docket No. 22 at 5–6; *see also* Docket No. 22-2 at 28, 31–32. The parties' mere exchange of emails fails to satisfy the meet and confer requirement. *See Allstate Ins. Co. v. Balle*, 2013 WL 4006008, at *2 (D. Nev. Aug. 5, 2013) (citing *ShuffleMaster, Inc.*, 170 F.R.D. at 172) ("[I]t is well established that the mere exchange of letters does not satisfy the meet and confer requirement"). Further, Plaintiff filed the instant motion to compel without personally engaging Defendants "to meaningfully discuss this dispute in a genuine effort to avoid judicial intervention." *Allstate Ins. Co.*, 2013 WL 4006008, at *2. The Court therefore finds that Plaintiff failed to satisfy its meet-and-confer obligation.

2

Accordingly, Plaintiff's motion to compel, Docket No. 22, is hereby **DENIED** without prejudice. Plaintiff's motion for sanctions, Docket No. 25, is hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED: June 30, 2021

_____
Nancy J. Koppe
United States Magistrate Judge